## HART *vs.* SHORTER & BAKER, Ex'rs.

[ACTION ON BILL OF EXCHANGE.]

1. *Bill of exchange; how may be drawn.*—A bill of exchange may be drawn payable to the order of the maker and indorsed by him to a third person; the indorsee may sue the acceptor as if he were the payee.
2. *Same; to whom may be transferred.*—Such a bill of exchange may be transferred by indorsement to an administrator or executor in this State.
3. *Same; indorsee may sue in his own name.*—And under our statutes such indorsee may sue thereon in his own name as the owner.—Rev. Code, §§ 1838, 2525.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

J. L. PUGH, for appellant.
SHORTER & McKLEROY, *contra.*

(No briefs came into the hands of the Reporter.)

PETERS, J.—This is an action of debt founded on a bill of exchange. The complaint is in the following words :
"John Gill Shorter and Alpheus Baker, Ex'rs, plaintiffs, *vs.* Henry C. Hart, defendant.

" The plaintiffs, as the executors of the last will and testament of Milton A. Browder, deceased, claim of the defendant two thousand, seven hundred and forty-four 25-100 dollars, besides —————————————————due on a bill of exchange, which was drawn by one Thomas H. B. Rivers, on the fifth day of September, A. D. 1862, for the said sum upon Clark & Hart, a firm composed of one John W. Clark and the defendant, and of which firm the defendant is surviving partner. The said bill was accepted by the said Clark & Hart, and was payable to drawer's own order on the first day of January, A. D. 1863, which said

bill, before maturity, was indorsed to the plaintiffs, and, with interest, is still due and unpaid."

On this complaint the following judgment was rendered on the 27th day of May, 1868, in favor of the plaintiffs, that is to say :

"Came the parties by their attorneys, and issue being joined on the plea of general issue, then came a jury of good and lawful men, to-wit, John C. McEachen, foreman, and eleven others, who, on their oaths, say they find the issue for the plaintiffs, and assess their damage at three thousand, nine hundred and thirty-four 15-100 dollars ; it is thereupon considered by the court, that the plaintiffs recover of the defendant the damages so assessed, and also the costs in this behalf expended, for which let execution issue."

From this judgment the defendant in the court below brings the case to this court by appeal. And he now assigns as error—1st. "That the complaint is by executors upon a bill of exchange payable to the drawer's own order, and indorsed by the drawer and payee to the complainants as executors, and that by such indorsement no legal title or other right of action was vested in complainants as executors." 2d. "Also, that the complaint shows no right of action in complainants against the defendant."

The complaint above quoted is in the form prescribed in the schedule of forms given in the appendix of the Revised Code. Such forms are sufficient.—Revised Code, p. 673. Here the complaint shows a sufficient cause of action. There was a trial and verdict for the plaintiffs in the court below, and there was no objection to the complaint or to the right of the plaintiffs to sue upon the contract alleged. In such case, the judgment will not be arrested, annulled or set aside for matters that might have been previously objected to.—Rev. Code, § 2811. A bill of exchange may be drawn payable to the order of the drawer, and when indorsed the indorsee becomes the payee, and he may sue the acceptor.—Story on Bills of Exchange, § 35. Such a bill of exchange is not illegal, and it may be transferred to an executor or administrator by indorsement, and the in-

dorsee may sue thereon in his own name. Story on Bills, §§ 56, 198 ; Rev. Code, §§ 1838, 2523. I therefore think that this action was properly brought, and that the errors assigned can not be sustained.

Let the judgment of the court below be affirmed.